UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES GRIFFIE, | ) | CASE NO. 1:09 CV 519 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| EDWARD BANKS, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On March 9, 2009, petitioner pro se James Griffie filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. Griffie is incarcerated in an Ohio penal institution, having been convicted of trafficking in drugs and drug possession. For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state court remedies. 28 U.S.C. § 2254(b); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). The Court

of Appeals for the Sixth Circuit has determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

Griffie raises two grounds in support of the petition. There is no indication these grounds were previously raised in the state court.  Further, Griffie was denied a delayed appeal to the Ohio Supreme Court.  State v. Griffie, 117 Ohio St.3d 1422 (Mar. 12, 2008).

Although the petition is silent concerning the reason Davis's motion for delayed appeal was denied by the Ohio Supreme Court, this court must assume the motion was denied because he failed to make the requisite showing of adequate reasons for the delay or otherwise failed to comply with Ohio Sup.Ct. R. II(2)(A)(4)(a).  See, Simpson v. Sparkman, 94 F.3d 199, 203 (6th Cir. 1996).  Thus, Griffie was procedurally barred from raising the grounds sought to be raised herein in the state court.

If a procedural bar in the state court exists, this court will not consider the claims unless petitioner establishes adequate cause to excuse his failure to raise the claims and actual prejudice to him.  Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir. 1991)(citing Murray v Carrier, 477 U.S. 478, 488 (1986)); see also, Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1990).  No such showing is even suggested by the petition.

2

Accordingly, the request to proceed <u>in forma pauperis</u> is granted, and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Dated: May 12, 2009           <u>s/     James S. Gwin         </u>
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE